# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7567 | **DATE** | 3/19/2013 |
| **CASE TITLE** | *Wilson v. Chandler* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the petitioner's request for relief pursuant to 28 U.S.C. § 2254 [1-1] is denied and the Court declines to issue a certificate of appealability. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Joh-ner Taylor Wilson filed a petition for relief under 28 U.S.C. § 2254. For the reasons stated below, the motion is denied.

A.   Facts

Following a jury trial, Wilson was found guilty of two counts of predatory criminal sexual assault of a child and sentenced to two consecutive 25-year prison terms. (Def.'s Ex. A.) Petitioner appealed his convictions and sentences to the Illinois Appellate Court. (*Id.*) While the appeal was pending, petitioner filed in the Circuit Court of Cook County a pro se postconviction petition. (Def.'s Ex. B, at 1.) The circuit court denied the petition on June 12, 2000 (*id.* at 2), and Wilson appealed that denial to the Illinois Supreme Court.

On September 6, 2002, in two separate opinions, the Illinois Appellate Court denied the direct appeal as well as the appeal of his postconviction petition. (Def.'s Ex. A, at 7; Def.'s Ex. B at 5.) The Illinois Supreme Court denied his two petitions for leave to appeal ("PLA") on April 2, 2003. (Def.'s Exs. E, G.) On October 23, 2007, Wilson filed a pro se state habeas corpus complaint, which the circuit court denied on November 30, 2007. (Def.'s Ex. C, at 11; Def.'s Ex. H.) The Illinois Appellate Court denied his appeal of his state habeas petition (Def.'s Ex. H), and on March 25, 2009, the Illinois Supreme Court denied his PLA. (Def.'s Ex. J.) On October 6, 2009, Wilson filed in the Circuit Court of Cook County a pro se "Motion to Vacate Void Judgment," which was denied. (Def.'s Ex. K.) The Illinois Appellate Court denied Wilson's appeal (*id.*) and the Illinois Supreme Court denied his PLA. (Def.'s Ex. L.) On May 2, 2011, Wilson filed in the Circuit Court of Cook County a pro se motion for DNA testing, and a public defender was appointed to represent him. (Def.'s Ex. C, at 14-15.)

**STATEMENT**

On September 18, 2012, Wilson mailed his pro se § 2254 petition for filing with this Court. The respondent, Nedra Chandler, Warden of the Dixon Correctional Center, moves to dismiss the § 2254 petition as time-barred.

B.   Analysis

The respondent contends that Wilson's petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), prisoners generally have one year from the conclusion of direct review of their conviction in which to file a habeas petition. 28 U.S.C. § 2244(d). Under § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because the facts in this case do not support application of subsections (B), (C), or (D), the one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Illinois Supreme Court denied Wilson's two PLAs on April 2, 2003 and he did not file a petition for a writ of certiorari with the United States Supreme Court; thus, Wilson's conviction became final ninety days later when the time to file a petition for a writ of certiorari with the United States Supreme Court expired, which was July 1, 2003. *Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (2012). Wilson therefore had one year, or until July 1, 2004, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). Because Wilson did not file his petition until September 18, 2012 (Dkt. # 1), it is untimely under § 2244(d)(1).

*Statutory Tolling*. Although the limitations period is tolled during the pendency of a properly-filed postconviction petition, 28 U.S.C. § 2244(d)(2), the proceedings on Wilson's postconviction petition ended on April 2, 2003, before his conviction became final on July 1, 2003; thus, the statutory tolling provision is inapplicable. Moreover, Wilson's state habeas petition, motion to vacate void judgment, and motion for DNA testing had no tolling effect because he filed these after the tolling period had already expired on July 1, 2004. *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) ("[B]ecause no application for collateral review was 'pending' in state court between January 2002 [denial of leave to file late appeal] and March 2005 [filing of state collateral proceeding], the tolling rule of § 2244(d)(2) does not make the federal petition timely").

**STATEMENT**

*Equitable Tolling*. The statute of limitations may be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Wilson contends that he has consistently asserted his claims of actual innocence. (Pet.'s Reply, Dkt. # 16, at 1). While that may be true, it fails to demonstrate "extraordinary circumstances" that prevented timely filing of his federal habeas petition. He also argues that the state's "unconstitutional actions," including his alleged warrantless arrest and invalid indictment, the false DNA analysis relied upon by the state, its use of perjured testimony and failure to disclose a DNA Procedures Manual, and its unlawful shifting of the burden of proof to the petitioner at trial all call for the application of equitable tolling. Again, however, these purported state actions occurred before he was convicted and do not satisfy the "extraordinary circumstances" required to equitably toll the limitations for filing a federal habeas petition.

C.      Conclusion

For these reasons, Wilson's petition for habeas relief under 28 U.S.C. § 2254 [1-1] is denied. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the untimeliness of Wilson's petition is not debatable, a certificate of appealability is denied. *Id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").